**Curtis O. LAUDERDALE, Chester Simpson and William S. Frisbie, Jr., Plaintiffs in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16497.**

Court of Criminal Appeals of Oklahoma.

May 19, 1971.

John A. Gladd, Tulsa, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Curtis O. Lauderdale, Chester Simpson, and William S. Frisbie, Jr., hereinafter re-

ferred to as defendants, were charged, tried and convicted in the District Court of Rogers County for the offense of Improper Passing and Lane Use; their punishment was fixed at fines of Ten ($10.00) Dollars, and from said judgments and sentences a timely appeal has been perfected to this Court.

The defendants' sole proposition of error asserts that the arrests were illegal and that the arresting officers' testimony should have been suppressed. The Attorney General, in his response brief, confesses error and admits that there was no offense committed in the presence of the arresting officers as required by 22 O.S.1961, § 196, and that, therefore, the testimony of the arresting officers should have been suppressed. We are of the opinion that the proposition and the confession of error are well taken. Shirey v. State, Okl.Cr., 321 P.2d 981 (1957). The arresting officers testified that they did not see an offense committed in their presence and that the arrests were made from information obtained from an officer in an airplane.

The Attorney General does not confess, nor does this Court hold by this opinion, that all "airplane arrests" are illegal, per se, but must be weighed in each particular case. We have previously held that the fact that an original arrest may have been unlawful does not affect the jurisdiction of the Court, nor is it a ground for quashing the Information or precluding trial of the accused for the offense. Harrison v. State, Okl.Cr., 461 P.2d 1007.

It is therefore the order of this Court that this cause be reversed and remanded to the District Court of Rogers County with instructions that the Motions to Suppress should be sustained, but the matters should be ordered for a new trial to determine if the State has sufficient evidence for a conviction, separate and apart from the testimony of the arresting officers. Reversed and remanded with instructions.

NIX and BRETT, JJ., concur.